**MELE v. R. H. MACY & CO., Inc., et al.**

District Court, S. D. New York.

May 15, 1941.

Harold E. Cole, of Boston, Mass. (J. Alfred Anderson, of New York, N. Y., resident counsel), for plaintiff.

Pennie, Davis, Marvin & Edmonds, of New York City (George E. Middleton, of New York City, of counsel), for defendants.

---

[1] Incidentally, in this case the order for ascertainment of damages was reversed as premature.

INCH, District Judge.

This suit was originally started against the defendant, R. H. Macy & Company, Inc. When the case was called for trial no one appeared for the plaintiff and a default was taken. However, this default was, on due application, set aside, the defendant Cole of California, Inc., was duly allowed to intervene as an additional defendant and the trial was held.

Mele obtained his patent August 16, 1938, No. 2,127,366, having applied for same on December 17, 1937. The patent "relates to garments and more particularly to ladies garments". Mele says that: "The principal object of my invention is an improved garment". Page 1, Lines 15, 16, of Patent.

The patent contains three claims of which Claim 2 is typical. Claim 2 is as follows: "2. An improved garment comprising in combination a body portion, shoulder, neck band, sleeves and expandible insert portions, the said insert portions comprising elastic material expandible in a horizontal plane on an axial line between the said sleeve portions, the said inserts being inserted in the said body portion between the said neck band and sleeves and extending down the front and back of the garment to a point adjacent the lowermost jointure of the said sleeves with said garment".

The substance of what Mele claims to have invented is that he has "discovered" by the insertion of an elastic fabric between the neck band and the sleeves of a woman's garment that the garment is made automatically form-fitting across the shoulders and in this way will fit various women without the necessity of being that woman's exact size.

In my opinion, the garment of the defendant (Exhibit 2) is sufficiently different to prevent infringement for if the Mele patent is valid at all it must be confined to exactly what is disclosed and there is no room in the crowded art for equivalents that are anything more than colorable. However, I do not think the patent is valid.

Mele had considerable difficulty in the patent office before he obtained his patent. Claims that once have been cancelled cannot be used again and the scope of the patent extended in this way.

In my opinion, the prior art is full of elastic fabrics of different kinds making use of the adjustability of such elasticity. Some of these products accomplish this effect in various ways. Many of them in connection with articles of wearing apparel.

In my opinion, Mele discovered nothing that was not already well known to the prior art.

Accordingly, in my opinion, the patent is invalid.

Complaint dismissed. Submit findings of fact and conclusions of law.